UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY SALAMON,<br><br>    Plaintiff,<br><br>v.<br><br>CREDITORS SPECIALTY SERVICE INC.,<br><br>    Defendant.<br>_____/ | Case No. C-11-00172 CW (JCS)<br><br>**REPORT AND RECOMMENDATION RE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [Docket No. 20]** |

## I.   INTRODUCTION

Plaintiff Judy Salamon ("Plaintiff") brings the present action against Creditors Specialty Service, Inc., ("Defendant"), a debt collector, alleging that it violated her rights under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et. seq.*, and the California equivalent of the federal FDCPA, known as the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code §§ 1788 *et. seq.* Defendant failed to answer the Complaint and its default has been entered. Plaintiff's unopposed Motion for Default Judgment (hereafter "the Motion") was referred to the undersigned for a Report and Recommendation. *See* Docket 20. Having read and considered the papers filed in connection with this matter, the Court recommends that the motion be GRANTED IN PART AND DENIED IN PART with respect to the requests for statutory damages and for an award of attorney's fees and costs. The Court, in its discretion, finds this matter suitable for resolution without oral argument. *See* Local Rule 7-1(b).

## II. BACKGROUND

Plaintiff alleges that Defendant, a debt collector, "constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt "for a period of years." Compl. at ¶11. Plaintiff alleges that she sent a cease and desist letter to Defendant, asking it to stop contacting her. *Id.* at ¶12. Despite the cease and desist letter, Plaintiff alleges that Defendant continued contacting her on at least four occasions. *Id.* at ¶13. Defendant contacted Plaintiff from its telephone number 661-269-0100 and requested that she call back to 800-277-8660. *Id.* at ¶14. Defendant represented to the Plaintiff that if she paid back her debt in full, the Defendant would remove the lien on her home. *Id.* at ¶15. Plaintiff alleges that she contacted the original creditor who informed her that the Defendant did not have the authority to remove the lien. *Id.* at ¶16.

Plaintiff filed the instant action in this Court on January 11, 2011, against Defendant alleging two claims for relief. In Count I, she alleges that Defendant violated the FDCPA, and seeks statutory damages under 15 U.S.C. § 1692k, and an award of attorney's fees and costs under 15 U.S.C. § 1692k. In Count II, Plaintiff alleges that Defendants violated the Rosenthal Act and seeks the same relief as her federal FDCPA claim.

Plaintiff served a Summons and Complaint on Defendant on January 11, 2011. The Summons was returned executed on March 7, 2011. Defendant failed to file a responsive pleading. At Plaintiff's request, the Clerk entered a default against Defendant on April 6, 2011. Plaintiff now seeks entry of default judgment against Defendant and requests statutory damages, attorney's fees and costs. No opposition to the Motion has been filed.

## II. LEGAL STANDARD

### A. Adequacy of Service of Process

As a preliminary matter, where entry of default judgment is requested, the Court must determine whether service of process was adequate. *Bank of the West v. RMA Lumber Inc.*, 2008 WL 2474650 at *2 (N.D. Cal. June 17, 2008). The Return of Service indicates that the Complaint was served on Defendant on February 23, 2011, by personal service on the person designated by law to accept service of process by a registered California process server. *See* Docket No. 9 (Summons and Proof of Service). Therefore, service of process was adequate.

2

**B.     Default Judgment**

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, the court may enter a default judgment where the clerk, under Rule 55(a), has previously entered the party's default based upon failure to plead or otherwise defend the action. Fed. R. Civ. P. 55(b).  Once a party's default has been entered, the factual allegations of the complaint, except those concerning damages, are deemed to have been admitted by the non-responding party.  Fed. R. Civ. Proc. 8(b)(6); see also *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir.1977) (stating the general rule that "upon default[,] the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true").  A defendant's default, however, does not automatically entitle the plaintiff to a court-ordered default judgment.  *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986).

"Granting or denying a motion for default judgment is a matter within the court's discretion." *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 2010 WL 2889490 at *2 (C.D. Cal. Jul. 19, 2010) (quoting *Elektra Entertainment Group Inc. v. Bryant*, 2004 WL 783123 at *1 (C.D. Cal. Feb. 13, 2004)).  The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment:

> (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong public policy favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

**III.    DISCUSSION**

**A.     Liability**

"In enacting the FDCPA, Congress sought to counter the abusive, deceptive and unfair debt collection practices sometimes used by debt collectors against consumers." *Turner v. Cook*, 362 F.3d 1219, 1226-27 (9th Cir. 2004).  An aggrieved party may thus recover actual damages, statutory damages and seek an award of attorney's fees and costs where the provisions of the FDCPA have been violated. 15 U.S.C. § 1692k(a).  The Rosenthal Act is California's counterpart to the Federal FDCPA and incorporates its salient provisions. Cal. Civ. Code § 1788.17.

The Court finds that some of the well-pleaded allegations of the Complaint (deemed admitted

by the Defendant) state a claim for which relief can be granted.  Accepting the factual allegations of the Complaint as true, Plaintiff has demonstrated the following violations of both the FDCPA and the Rosenthal Act:

First, Defendant violated 15 U.S.C. § 1692e(5), which proscribes "false, deceptive, or misleading representation or means in connection with the collection of any debt," which includes threatening "to take any action that cannot legally be taken or that is not intended to be taken." Defendant violated these provisions by stating that it would remove the lien on her home when it had no power to do so (Compl.¶ 15), which is not permissible under the FDCPA.

Second, Defendant violated 15 U.S.C. § 1692c(c) by continuing to call Plaintiff despite her express instructions not to contact her.  Compl. ¶13.  This conduct violates the FDCPA.  *Kerwin v. Remittance Assistance Corp.*, 559 F.Supp.2d 1117, 1122 (D. Nev. 2008).

Both of the above violations also constitute a violation of the Rosenthal Act, which incorporates the provisions of the FDCPA.  *See* Cal. Civ. Code § 1788.17; *McGrew v. Countrywide Home Loans, Inc.*, 2009 WL 1803455 at *2 n. 2 (S.D. Cal. May 27, 2009) ("The Rosenthal Act incorporates provisions of the FDCPA by reference.").

In addition to the above violations, Plaintiff alleges that Defendant violated 15 U.S.C. § 1692d(2), which prohibits harassing communications, by repeatedly calling the Plaintiff after having received a cease and desist letter instructing it to cease collection communications.  This type of harassing communication is prohibited under the FDCPA.

**B.    The *Eitel* Factors**

Having decided that Plaintiff has established liability under the FDCPA and the Rosenthal Act, the Court must consider whether default judgment is appropriate under the *Eitel* factors. Accepting the allegations in the Complaint as true, as it must, the Court finds that these factors favor the entry of default judgment.

First, Defendant has failed to appear in, or otherwise defend this action, thereby leaving Plaintiff without a remedy if default judgment is not entered in her favor.  Therefore, this factor weighs in favor of entry of default judgment.  Second, Plaintiff's Complaint adduces sufficiently detailed facts from which the Court is able to conclude that Defendant committed violations of both

the federal and state versions of the FDCPA. Third, the sum of money sought is relatively small, which also weighs in favor of entering a default judgment. Fourth, due to the Defendant's failure to respond, there is nothing in the record to indicate that any of the material facts are in dispute, therefore this factor is neutral. Fifth, Defendant's lack of response to the Complaint and the instant motion is inexcusable. Plaintiff has demonstrated that she has properly served Defendant with a Summons and Complaint, as well as with the present motion. Defendant nonetheless failed to appear, indicating that its failure to appear was willful. Therefore, this factor weighs in favor of entry of default judgment. Sixth, although federal policy favors decisions on the merits, the existence of Rule 55(b) indicates that the preference of disposing of cases on their merits is not absolute. *See Pepsico Inc. v. California Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Defendant has failed to respond or otherwise defend itself in this action, such that deciding the case upon its merits is not possible. Therefore, this factor is neutral. The Court concludes that, on balance, the *Eitel* factors weigh in favor of granting the present motion for default judgment.

### C. Damages

#### 1. Statutory Damages

The FDCPA provides that a plaintiff may recover statutory damages of up to $1,000 for noncompliance. 15 U.S.C. § 1692k(a)(1)-(2)(A). The $1,000 amount is the maximum per action, not per violation. *Harper v. Better Business Services, Inc.*, 961 F.2d 1561, 1564 (11th Cir.1992). When considering the amount of statutory damages to award, a court may consider the nature of a defendant's noncompliance, as well as the frequency of its acts and whether the noncompliance was intentional. 15 U.S.C. § 1692k(b)(1). Under the Rosenthal Act, a plaintiff also is entitled to statutory damages, pursuant to Civil Code sections 1788.17 and 1788.30, which authorize damages from $100 to $1,000.

Here, Plaintiff requests statutory damages of $1,000 under the FDCPA, and another $1,000 under the Rosenthal Act. These amounts – the maximum allowable by statute – are not justified in the present case. While the above allegations constitute violations of the FDCPA and Rosenthal Act, Plaintiff does not allege particularly egregious violations of these statutes. This is not a case, where, for example, a defendant has made repeated threats against plaintiff to sue her, made abusive

accusations or threatened to embarrass her by disclosing the debt to her family, neighbors or an employer, or contacted third parties. Rather, this case contains vague allegations of an unidentified number of repeated phone calls for an undisclosed "period of years" (Compl. ¶ 11), four telephone calls following a cease and desist letter, (*id.* ¶ 13) and one false statement in a telephone call – that the debt collector would remove a lien if the amount were paid in full. *Id.* ¶15. "Whether there is actionable harassment or annoyance turns not only on the volume of calls made, but also on the pattern of calls." *Joseph v. J.J. MacIntyre Companies*, *L.L.C*., 238 F. Supp. 2d 1158 (N. D. Cal., 2002) (Chen, J.) (finding issue of material fact in case where defendant acknowledged making nearly 200 calls to the plaintiff over nineteen-month period, including days where there were multiple calls made after voice contact in which plaintiff requested no further contact). The allegations in the present case do not warrant the maximum possible recovery.

The Plaintiff does allege, however, that Defendant persisted in contacting her four times, even after being expressly instructed not to do so, which constitutes a clear violation of the law. The Court therefore recommends awarding the Plaintiff $500 for violations of the FDCPA and $500 for violations of the Rosenthal Act. Although the same conduct justifies the damage award under both state and federal law, the Court finds this permissible because the Rosenthal Act envisions that "[t]he remedies provided herein are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law." Cal .Civ. Code § 1788.32.

### 2. Attorney's Fees and Costs

Both the FDCPA and the Rosenthal Act direct a court to award attorney's fees to a prevailing consumer. 15 U.S.C. 1692k(a)(3); Cal. Civ. Code 1788.30(c). In this Circuit, the starting point for determining reasonable fees is the calculation of the "lodestar," which is obtained by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate. *See Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (internal quotations and citation omitted). In calculating the lodestar, the court must determine a reasonable rate and a reasonable number of hours for each attorney. *Chalmers v. City of Los*

1  *Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *reh'g denied, amended on other grounds*, 808 F.2d
2  1373 (9th Cir. 1987).  The lodestar is deemed to be presumptively reasonable, though the district
3  court has the discretion to consider and upward or downward adjustment.

4  Here, the Plaintiff seeks attorneys' fees comprised of 13.3 hours of attorney and paralegal
5  work.  The declaration of counsel and billing statements attached thereto demonstrate corresponding
6  billing rates ranging from $125 to $390 per hour.  *See* Statement of Services, Attached to Plaintiff's
7  Motion as Exhibit A (hereafter "Ex. A").  Plaintiff has also provided an itemized description of the
8  time billed by counsel, which the Court has reviewed.  *Id.*, Ex. A.  Specifically, Plaintiff seeks fees
9  for the following work: 1) $1,192.50 in fees for 5.3 hours of work at a rate of $225 per hour for
10 attorney Christopher G. Addy; 2) $1,404 in fees for 3.6 hours of work at a rate of $390 per hour for
11 attorney James D. Pacitti, and 3) $550 in fees for 4.4 hours of paralegal work at a rate of $125 per
12 hour.  Plaintiff has also submitted evidence substantiating the reasonableness of the rates sought.
13 *See* Declaration of Christopher G. Addy, Exhs. D & E.

14 Given the facts presented, with one exception, the Court finds that the amount of hours
15 expended and the billable rates used are reasonable.  The docket in this case indicates that the case
16 was dismissed in July 2011 for failure to prosecute due to Plaintiff's failure to adhere to the District
17 Court's order to file a Motion for Default Judgment within thirty days of the Clerk's entry of default.
18 Having failed to comply with the District Court's order, the Plaintiff's case was dismissed.  Plaintiff
19 subsequently filed a motion to reinstate the case, which was granted by the District Court.  *See*
20 Docket No. 19.  In connection with the present Motion, the Plaintiff has included in her request for
21 attorneys' fees time spent preparing the Motion to Reinstate the case.  Because the need to file a
22 Motion to Reinstate was due to Plaintiff's failure to adhere to an order of the Court, it is not
23 appropriate to seek fees from the Defendant for the work performed in connection with the filing of
24 the Motion to Reinstate.  Accordingly, the Court has reviewed the detailed billing records and
25 recommends that the District Court reduce the amount of hours attributed to attorney Christopher G.
26 Addy by 2.0 hours.

27 The Court therefore finds that the record justifies payment of $2,696.50 in attorney's fees.
28 This amount constitutes $742.50 in fees at a rate of $225 per hour for attorney Christopher G. Addy,

**United States District Court**
For the Northern District of California

$1,404 in fees for 3.6 hours of work at a rate of $390 per hour for attorney James D. Pacitti, and $550 in fees for 4.4 hours of paralegal work at a rate of $125 per hour. Plaintiff's request for recovery of $405.00 in costs also is substantiated and reasonable. *Id.* Ex. A. The Court recommends awarding a total of $3,101.50 in fees and costs.

### IV.  CONCLUSION

For the reasons stated above, IT IS RECOMMENDED THAT Plaintiff's Motion for Default Judgment and Attorneys' Fees and Costs be GRANTED IN PART and DENIED IN PART. The Court recommends that Plaintiff's requests for statutory damages in the amount of $2,000 be DENIED. Rather, the Plaintiff should be awarded $1,000 in statutory damages. Further, the Court recommends that the Plaintiff's request for attorney's fees be GRANTED IN PART. The Court recommends awarding the Plaintiff $3,101.50 in fees and costs.

IT IS SO ORDERED.

Dated: January 27, 2012

JOSEPH C. SPERO
United States Magistrate Judge