IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JUDY SALAMON,

    Plaintiff,

    v.

CREDITORS SPECIALTY SERVICE, INC.,

    Defendant.
_____/

No. C 11-172 CW

ORDER DENYING PLAINTIFF'S MOTION FOR CONTEMPT AND FOR SANCTIONS

Plaintiff Judy Salamon moves for contempt and award of sanctions against Defendant Creditors Specialty Service, Inc. for refusing to appear for a judgment debtor examination. Defendant did not file an opposition to the motion. The Court determines that the matter is suitable for decision without oral argument and denies Plaintiff's motion for the reasons below.

## BACKGROUND

Plaintiff sued Creditors Specialty Service, a debt collector, for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 et seq., and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 et seq. Defendant failed to answer the Complaint and its default was entered April 6, 2011. Plaintiff filed a motion for default judgment, which was referred to Magistrate Judge Spero for report and recommendation. The Court adopted the recommendation to award Plaintiff $500 for violations of the FDCPA and $500 for violations of the Rosenthal Act, and to award Plaintiff $3,101.50 in fees and costs. On March 7, 2012, judgment was entered in favor of Plaintiff against

Creditors Specialty Service in the amount of $1,000.00 in statutory damages, with interest thereon as provided by 28 U.S.C. § 1961, and $3,101.50 in fees and costs.

On March 28, 2012, Plaintiff filed an ex parte application for a debtor examination pursuant to Federal Rule of Civil Procedure 69(a)(2), which was referred to Magistrate Judge Vadas. The court set the judgment debtor examination for June 21, 2012. On June 20, 2012, Plaintiff filed a request to vacate the judgment debtor examination on the ground that Charles Stanley, whom Plaintiff believes to be the president of Creditors Specialty Service, informed Plaintiff's counsel by telephone that neither he nor anyone else from Creditors Specialty Service would attend the judgment debtor examination. Docket No. 42. The court vacated the debtor examination, and Plaintiff filed the instant motion for contempt and sanctions against Creditors Specialty Service and Mr. Stanley for refusing to appear for a debtor examination. Docket No. 44.

Plaintiff filed a proof of service of the instant motion by mail addressed to Charles Stanley and Creditors Specialty Service at the same P.O. Box address. Neither Mr. Stanley nor Creditors Specialty Service has filed an opposition to the motion.

## DISCUSSION

I. MOTION FOR SANCTIONS

Rule 69 provides that "the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person - including the judgment debtor - as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). Here, Plaintiff sought an

2

order for a debtor examination pursuant to California Code of Civil Procedure Section 708.110(a). See Docket No. 35 (Ex Parte Application). Section 708.110(a) provides for post-judgment examination of the judgment debtor:

> The judgment creditor may apply to the proper court for an order requiring the judgment debtor to appear before the court, or before a referee appointed by the court, at a time and place specified in the order, to furnish information to aid in enforcement of the money judgment.

Plaintiff brings this motion for sanctions pursuant to Federal Rule of Civil Procedure 37(d)(1)(A)(i) for Defendant's refusal to appear at the debtor examination set by the court. Rule 37 provides that the court where the action is pending may order sanctions if either

> (i) a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4)--fails, after being served with proper notice, to appear for that person's deposition; or
>
> (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

Fed. R. Civ. P. 37(d)(1)(A)(i) and (ii). Because Plaintiff sought a debtor examination pursuant to procedures under state law, rather than the Federal Rules of Civil Procedure, sanctions may not be awarded here pursuant to Rule 37. However, the Court may award sanctions pursuant to its inherent authority to sanction a party for failure to comply with a court order. See Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp., 982 F.2d 363, 368 (9th Cir. 1992) ("Courts are invested with inherent powers that are

3

'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'") (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)).

Plaintiff's motion for sanctions is denied on the following two grounds. First, Plaintiff has not filed a proof of service showing that Creditors Specialty Service was served with either the Court's order referring the ex parte application for judgment debtor examination or the clerk's notice setting the judgment debtor examination before Magistrate Judge Vadas. Under Rule 69, "[t]he procedure on execution - and in proceedings supplementary to and in aid of judgment or execution - must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). California law requires that a copy of the order directing the judgment debtor to appear before the court or its referee be served no less than ten days before the examination date. See Cal. Code Civ. P. § 708.110(d) ("The judgment creditor shall personally serve a copy of the order on the judgment debtor not less than 10 days before the date set for the examination. Service shall be made in the manner specified in Section 415.10."). Because Plaintiff has not filed a proof of service of the order of referral or the clerk's notice of judgment debtor examination, the motion for finding of contempt and awarding sanctions is denied.

Second, Plaintiff has not demonstrated the amount of attorney fees and costs that were reasonably expended in preparing for the debtor examination. Plaintiff's counsel has not filed a

4

1 declaration setting forth his hourly rate or time spent on this
2 matter to support a lodestar calculation.  See Hensley v.
3 Eckerhart, 461 U.S. 424, 433 (1983).  Plaintiff's motion for
4 sanctions is therefore insufficient to support an award of fees
5 and costs and is hereby denied.

6 II.  MOTION FOR CONTEMPT

7     Plaintiff also moves for a finding of contempt against
8 Defendant for refusing to appear for the debtor examination.  "A
9 judgment debtor may be held in contempt of court for failing to
10 appear at the debtor examination in defiance of a court order to
11 do so."  Alcalde v. NAC Real Estate Investments & Assignments,
12 Inc., 580 F. Supp. 2d 969, 971 (C.D. Cal. 2008) (citing Cal. Code
13 Civ. P. § 708.170(a)(1)(A) and Baker v. Limber, 647 F.2d 912, 919
14 (9th Cir. 1981)).  California law provides, "'If the person's
15 failure to appear is without good cause, the judgment creditor
16 shall be awarded reasonable attorney's fees incurred in the
17 examination proceeding' and these fees 'shall be added to and
18 become part of the principal amount of the judgment.'"  Id.
19 (quoting Cal. Code Civ. P. § 708.170(a)(2)).

20     As a procedural matter, "[c]ontempt proceedings are
21 instituted by the issuance of an Order to Show Cause ('OSC') why a
22 contempt citation should not issue and a notice of a date for the
23 hearing."  Id. (citing Schwarzer, Tashima & Wagstaffe, Cal.
24 Practice Guide: Federal Civil Procedure Before Trial ¶ 11:2316).
25 "In a civil contempt action, the moving party has the burden of
26 showing by clear and convincing evidence that the contemnors
27 violated a specific and definite order of the court.  The burden
28 then shifts to the contemnors to demonstrate why they were unable

5

to comply." Federal Trade Comm'n v. Enforma Natural Prods., Inc., 362 F.3d 1204, 1211 (9th Cir. 2004) (citation and quotation marks omitted). A civil contempt proceeding is considered a "trial" within the meaning of Rule 43(a), rather than a hearing on a motion within the meaning of Rule 43(e), which means that witness testimony must be taken in open court. Pennwalt Corp. v. Durand-Wayland, Inc., 708 F.2d 492, 495 (9th Cir. 1983) (citation omitted). Thus, civil contempt may not be tried on the basis of the affidavits alone. Id. Plaintiff offers no evidentiary support for her motion for contempt, nor has Plaintiff requested issuance of an order to show cause. The motion for contempt is therefore denied.

Even if Plaintiff's motion for contempt were construed as an application for an order to show cause why Defendant should not be held in contempt, the Court declines to issue an order to show cause or initiate contempt proceedings at this time because Plaintiff has not demonstrated that she served either Creditors Specialty Service or Mr. Stanley with the order referring the ex parte application to a Magistrate Judge or the notice setting the date of the debtor examination. See Cal. Code Civ. P. § 708.110(d) ("The judgment creditor shall personally serve a copy of the order on the judgment debtor not less than 10 days before the date set for the examination.") Further, Mr. Stanley was not designated as the person ordered to appear at the examination and Plaintiff has not demonstrated that he should be subject to a finding of contempt. Plaintiff's motion for contempt is therefore denied.

III. EX PARTE APPLICATION FOR A DEBTOR EXAMINATION

Plaintiff's pending ex parte application for a debtor examination is hereby granted. Docket No. 35. This matter having been referred to Magistrate Judge Vadas, IT IS HEREBY ORDERED that Creditors Specialty Service appear for judgment debtor examination before Magistrate Judge Vadas at a time, date and place to be determined and noticed by Magistrate Judge Vadas or his court staff.

As the judgment debtor, Creditors Specialty Service must designate one or more officers, directors, managing agents or other persons who are familiar with its property and debts to appear for examination before Magistrate Judge Vadas. See Cal. Code Civ. P. § 708.150(a). **Creditors Specialty Service's failure to appear at the debtor examination may result in an order instituting contempt proceedings and/or issuing sanctions including payment of Plaintiff's reasonable attorneys' fees.**

Plaintiff is ordered to serve Defendant with a copy of this order and any other order or notice of the court and to file the proof of service.

Should Defendant Creditors Specialty Service fail to appear at a properly noticed debtor examination, Plaintiff may file a motion for issuance of an order to show cause why Defendant should not be held in contempt and for sanctions.

## CONCLUSION

Accordingly, Plaintiff's motion for contempt and for sanctions is DENIED. Docket No. 44. Plaintiff's ex parte application for a judgment debtor examination is GRANTED. Docket No. 35. Defendant Creditors Specialty Service is ORDERED TO

7

1  APPEAR for judgment debtor examination before Magistrate Judge
2  Vadas, at a time, date and place to be determined by Magistrate
3  Judge Vadas.
4      IT IS SO ORDERED.

6  Dated: 10/11/2012

                                CLAUDIA WILKEN
7                                 United States District Judge

10     cc: NJV

**United States District Court**
For the Northern District of California