UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| JUDY SALAMON, | No. 4:11-CV-00172 CW (NJV) |
| Plaintiff, | CERTIFICATION OF FACTS RE MOTION FOR HEARING TO BE SET RE ORDER TO SHOW CAUSE, AND ORDER RE SERVICE |
| v. | |
| CREDITORS SPECIALTY SERVICE, INC., | [Doc. 59] |
| Defendant. | |

This case has been referred to the undersigned for both post-judgment collections and resolution of all discovery motions. (Docket nos. 36, 48.) On November 13, 2012, Plaintiff filed a Motion for Hearing to be Set Re: Order to Show Cause for Defendant's Repeated Failure to Comply with the Court's Orders. (Docket no. 59.) Attached to Plaintiff's motion is a proof of service by mail on Defendant on November 13, 2012. More than fourteen days have now elapsed and Defendant has not responded to Plaintiff's motion. *See* Local Civil Rule 7-3.

Pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), the undersigned certifies the following facts to Chief District Judge Claudia Wilken, for her consideration regarding Plaintiff's pending motion.

Initiation of Suit and Entry of Judgment

Plaintiff filed her complaint on January 11, 2011, alleging violations by Defendant of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"). (Docket no. 1.) On April 6, 2011, the Clerk entered default against Defendant. (Docket no. 11.) Plaintiff filed a motion for default judgment on August 23, 2011. (Docket no. 20.) On January 27, 2012, Magistrate Judge Joseph C. Spero entered a report and recommendations, recommending that Plaintiff be awarded $1,000.00 in statutory damages. (Docket no. 29.) Magistrate Judge Spero further recommended

awarding Plaintiff $3,101.50 in fees and costs. *Id*. On March 7, 2012, Chief District Judge Wilken entered an order adopting the report and recommendations in full. (Docket no. 30.) The Clerk entered judgment on the same day. (Docket no. 31.)

Judgment Debtor Examination

On March 28, 2012, Plaintiff filed an ex parte application for a judgment debtor's examination pursuant to Rule 69(a)(2) of the Federal Rules of Civil Procedure. (Docket no. 35.) Chief District Judge Wilken referred the matter to the undersigned. (Docket no. 36.) The court scheduled the judgment debtor's examination for June 21, 2012. (Docket no. 37.) On June 20, 2012, Plaintiff filed a motion to vacate the examination on the ground that Charles Stanley, whom Plaintiff believed to be the president of Creditors Specialty Service, had informed Plaintiff's counsel by telephone that neither he nor anyone else from Creditors Specialty Service would attend the examination. (Docket no. 42.) The court granted Plaintiff's motion and vacated the judgment debtor's examination. (Docket no. 43.)

On June 22, 2012, Plaintiff filed a motion for sanctions and contempt based on Defendant's failure to appear for the judgment debtor's examination. (Docket no. 44.) The motion was unopposed. Chief District Judge Wilken entered an order on October 11, 2012, denying Plaintiff's motion. (Docket no. 51.) Chief District Judge Wilken ordered that Creditors Specialty Service appear for a judgment debtor examination at a time, date and place to be set by the undersigned. *Id*. Chief District Judge Wilken specifically stated in her order that, "[s]hould Defendant Creditors Specialty Service fail to appear at a properly noticed debtor examination, Plaintiff may file a motion for issuance of an order to show cause why Defendant should not be held in contempt and for sanctions." *Id*. at p. 7:20-23.

A Clerk's Notice was issued on October 15, 2012, setting the judgment debtor examination for October 26, 2012. (Docket no. 52.) On October 24, 2012, Plaintiff filed a motion to vacate the judgment debtor examination stating that he was again informed by Charles Stanley that neither he nor anyone else from Creditors Specialty Service would attend the examination. (Docket no. 55.) On October 24, 2012, the court issued an order granting Plaintiff's motion to vacate the judgment debtor's examination and setting the matter for a telephonic status conference on October 26, 2012.

(Docket no. 56.) The court held a status conference in the case on October 26, 2012. (Docket no. 57.) Plaintiff filed the present Motion for Hearing to be set re: Order to Show Cause for Defendant's Repeated Failures to Comply with the Court's Orders on November 13, 2012. (Docket no. 59.)

<u>Discovery Motions</u>

On August 17, 2012, Plaintiff filed a motion to compel discovery. (Docket no. 47.) On August 23, 2012, Chief District Judge Claudia Wilken referred to the undersigned the pending motion to compel and all discovery motions. (Docket no. 48.) The motion to compel was heard on September 25, 2012, with only Plaintiff appearing. (Docket no. 49.) On October 1, 2012, the undersigned entered an order granting in part Plaintiff's motion to compel. (Docket no. 50.) Specifically, the court ruled as follows:

> 2) Defendant shall respond to interrogatories 1, 2, 6, 7, 8, 9, 11, 12, 15, 17, 18 and 19, and to production requests 6, 7, 8, 9, 10, 12, 13, 14, 16, and 19, within two weeks of entry of this order;
> 3) Defendant shall pay Plaintiff's expenses in the amount of $450 within two weeks of the entry of this order.
> 4) Plaintiff shall serve Defendant with a copy of this order.

*Id*. at 4:13-20.

Plaintiff alleges in his present Motion for Hearing to be Set Re: Order to Show Cause for Defendant's Repeated Failures to Comply with the Court's Orders that Defendant has failed to comply with the court's order of October 1, 2012, in that it has neither provided responses to Plaintiff's written discovery requests nor paid Plaintiff's expenses. (Docket no. 59.)

IT IS HEREBY ORDERED as follows:

Plaintiff shall personally serve Defendant with a copy of this order and file proof of that service with the court.

Dated: December 5, 2012

NANDOR J. VADAS
United States Magistrate Judge

3