IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY SALAMON, | No. C 11-172 CW |
| Plaintiff, | ORDER ON PLAINTIFF'S MOTION REGARDING SANCTIONS |
| v. | |
| CREDITORS SPECIALTY SERVICE, INC., | |
| Defendants. | |

_____/

Plaintiff Judy Salamon has filed a motion for an order to show cause why Defendant Creditors Specialty Service, Inc. should not be sanctioned for failing to comply with this Court's orders to appear for a judgment debtor examination.  Defendant did not file an opposition to the motion.  Having considered the entire record in this case, the Court deems Plaintiff's motion to be a motion for sanctions and denies the motion for the reasons below.

                              BACKGROUND

Plaintiff sued Creditors Specialty Service, a debt collector, for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 et seq., and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 et seq.  Defendant failed to answer the Complaint and its default was entered April 6, 2011.  Plaintiff filed a motion for default judgment, which was referred

1  to Magistrate Judge Spero for report and recommendation.  The

2  Court adopted the recommendation to award Plaintiff $500 for

3  violations of the FDCPA and $500 for violations of the Rosenthal

4  Act, and to award Plaintiff $3,101.50 in fees and costs.  On March

5  7, 2012, judgment was entered in favor of Plaintiff against

6  Creditors Specialty Service in the amount of $1,000.00 in

7  statutory damages, with interest thereon as provided by 28 U.S.C.

8  § 1961, and $3,101.50 in fees and costs.

9       On March 28, 2012, Plaintiff filed an ex parte application

10  for a debtor examination pursuant to Federal Rule of Civil

11  Procedure 69(a)(2), which was referred to Magistrate Judge Vadas.

12  The court set the judgment debtor examination for June 21, 2012.

13  On June 20, 2012, Plaintiff filed a request to vacate the judgment

14  debtor examination on the ground that Charles Stanley, whom

15  Plaintiff believes to be the president of Creditors Specialty

16  Service, informed Plaintiff's counsel by telephone that neither he

17  nor anyone else from Creditors Specialty Service would attend the

18  judgment debtor examination.  Docket No. 42.  The court vacated

19  the debtor examination, and Plaintiff filed a motion for contempt

20  and sanctions against Creditors Specialty Service and Mr. Stanley

21  for refusing to appear for a debtor examination.  Docket No. 44.

22  This Court denied the motion for contempt and sanctions and

23  ordered Defendant to appear before Judge Vadas for a judgment

24  debtor examination at a time to be determined by him.  Docket No.

25  51.  In its order denying Plaintiff's initial motion for contempt

26  and sanctions, the Court stated that Defendant's "failure to

27  appear at the debtor examination may result in an order

28  instituting contempt proceedings and/or issuing sanctions

1 including payment of Plaintiff's reasonable attorney fees."

2 Docket No. 51 at 7.

3      Plaintiff also filed a motion to compel Defendant to respond

4 to her discovery requests, which motion the Court referred to

5 Judge Vadas. Docket Nos. 47, 48. On October 1, 2012, Judge Vadas

6 granted Plaintiff's discovery motion in part, and ordered

7 Defendant to respond to certain interrogatories and production

8 requests and to pay Plaintiff $450 in expenses related to the

9 motion to compel. Docket No. 50.

10      On October 15, 2012, a Clerk's Notice set the judgment debtor

11 examination for October 26, 2012. Docket No. 52. Plaintiff has

12 filed a proof of service showing that on October 16, 2012,

13 Defendant was served with a copy of the Clerk's Notice, Judge

14 Vadas's order on her discovery motion, and this Court's order on

15 her motion for contempt and sanctions. Docket No. 54. On October

16 24, 2012, Plaintiff filed a motion to vacate the judgment debtor

17 examination, stating that she was again informed by Charles

18 Stanley that neither he nor anyone else from Creditors Specialty

19 Service would attend the examination. Docket No. 55. The Court

20 vacated the judgment debtor examination and set the matter for a

21 telephonic status conference on October 26, 2012. Docket No. 56.

22 Defendant did not appear for the status conference. Id.

23      On November 19, Plaintiff filed the instant motion for an

24 order to show cause why Defendant should not be sanctioned for

25 failing to comply with the Court's orders. Pursuant to 28 U.S.C.

26 § 363(e)(6)(B)(iii), Magistrate Judge Vadas certified facts

27 related to Plaintiff's pending motion. See Docket No. 60.

28

United States District Court
For the Northern District of California

1  Plaintiff Judy Salamon has filed proof that she has served Judge

2  Vadas's certification of facts on Defendant.   Docket No. 61.

3                          DISCUSSION

4     As stated in the Court's order on Plaintiff's initial motion

5  for sanctions and contempt, the Court may award sanctions pursuant

6  to its inherent authority to sanction a party for failure to

7  comply with a court order.   See Unigard Sec. Ins. Co. v. Lakewood

8  End'd & Mfg. Corp., 982 F.2d 363, 368 (9th Cir. 1992) ("Courts are

9  invested with inherent powers that are 'governed not by rule or

10  statute but by the control necessarily vested in courts to manage

11  their own affairs so as to achieve the orderly and expeditious

12  disposition of cases.'") (quoting Chambers v. NASCO, Inc., 501

13  U.S. 32, 43 (1991)).

14     The Court denied Plaintiff's initial motion for sanctions on

15  two grounds: (1) Plaintiff's failure to file a proof of service

16  showing that Defendant was served with notice of the judgment

17  debtor examination, and (2) Plaintiff's failure to file a

18  declaration demonstrating the amount of attorneys' fees and costs

19  that were reasonably expended in preparing for the debtor

20  examination.   Plaintiff has remedied one of those grounds by

21  serving Defendant with notice of the second scheduled judgment

22  debtor exam ten days prior to the date of the examination date as

23  required by California Code of Civil Procedure section 708.110(d).

24  However, Plaintiff's counsel still has not filed a declaration in

25  support of Plaintiff's motion for sanctions setting forth his

26  hourly rate or time spent on this matter to support a lodestar

27  calculation.   See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

28  Plaintiff's motion simply asserts that she has "incurred six (6)

hours of attorney's fees in pursuing the collection of judgment, at a rate of $290.00 per hour" and that she "seeks an additional award of $1,740.00 in attorney's fees."  Plaintiff's Motion for an Order to Show Cause at 2.

Accordingly, the Court DENIES Plaintiff's motion for sanctions without prejudice to renewal if she submits a declaration from counsel sufficient to support an award of fees and costs.  Docket No. 59.

IT IS SO ORDERED.

Dated: 1/29/2013

CLAUDIA WILKEN
United States District Judge